Ryan Scott
Scott and Huggins Law Offices
1549 SE Ladd Avenue
Portland, OR 97214
(503) 546-0618
E-mail: ryan@ryanscottlaw.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No:   3:11-CR-00209-JO-1 |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| ALEKSEY ALEXANDER DZYUBA, | Sentencing Date:   May 6, 2013 |
| Defendant. | |

The Defendant, Aleksey Alexander Dzyuba, by and through counsel, Ryan Scott, respectfully submits this sentencing memorandum. Sentencing is scheduled for May 6, 2013 at 10:00AM. The defendant recommends the mandatory minimum sentence of 240 months in the custody of the Bureau of Prisons.

FACTUAL BACKGROUND

The defendant accepts the summary of defendant's offense conduct as set forth in the Presentence Investigation Report.

As touched on briefly in the Presentence Investigation Report, Mr. Dzyuba was discriminated due to his religious beliefs while he was in the Ukrainian army. He had been drafted. Once, his arm and leg were broken by another soldier. He was subsequently beaten and his arm was re-broken. It never healed properly. This was the start of his addiction to drugs which would ease the pain from the injuries. One addiction lead to another, and it resulted in Mr. Dzyuba needing to sell heroin in small quantities, at the very bottom of the delivery food chain, to pay for his own addiction to the substance.

SENTENCING RECOMMENDATIONS

I.      The low-end of the guidelines range would serve the goals of the guidelines

The low end of the guidelines would serve the goals of the guidelines, which is 235 months. However, the mandatory minimum required by this conviction would be higher than the low end of the guidelines.

The defendant agrees with the PSR that 240 months "is more than adequate to protect the public from future crimes," especially in light of the immigration hold as well.

There are a number of reasons that might justify a downward departure if it were available. They are offered here merely to provide reasons why this court should not go above the mandatory minimum.

As noted at trial, Mr. Dzyuba was provided the drugs by Ms. Buccholz, and immediately they were sold to Toviy.   Though Mr. Dzyuba would later claim the drugs were "good shit," in fact he would have had no control over the amount or purity.   See *U.S.  v. Mendoza*, 121 F.3d 510 (9th Cir. 1997) (the district court has discretion to depart where the defendant had no knowledge of or control over the amount or purity of the drugs, if the court determines that the facts are outside the heartland of such cases – because that ground is not one categorically proscribed ).   Mr. Dzyuba was at the very bottom of the delivery food chain. See  *U.S.  v. Williams*, 78 F.Supp.2d 189 (S.D.N.Y. 1999) (relatively minor nature of defendant's prior and current drug convictions warranted departure from the career offender guidelines; in each prior defendant was a street seller, the lowest level on the distribution chain and the most easily replaced by those who operate the distribution network), **disapproved** *U.S. v. Mishoe*, 241 F.3d 214 (2d Cir. 2001) (reversing district court's grant of departure, which should not automatically be given to street level dealers; however, that prior sentences were lenient may provide basis for downward departure from criminal history category in particular.)

In addition, while the PSR does not recommend a downward variance for acceptance of responsibility, it is worth noting that Mr. Dzyuba never challenged the government's evidence

regarding his actions. The deliveries to Toviy and his sister were never disputed. Rather, the only issue in dispute was whether Mr. Dzyuba had provided sufficient amounts of heroin to cause Toviy's death, which given that the amount of heroin used by Toviy was unknown, and that there were other potential sources of heroin that night, was not an unreasonable position to take.

Mr. Dzyuba has two elderly parents who will not survive to see their son released from custody. He has a wife and two daughters, ages 7 and 2, both of whom will be well into adulthood before their father is released.

III.   CONCLUSION

The 20 years sentence is severe, as Congress intended, and it is more than sufficient under the circumstances to satisfy the goals of the guidelines.

DATED this 3rd day of May, 2013.

Respectfully submitted,

*/s/ Ryan Scott*

Ryan Scott
Attorney for Aleksey Dzyuba

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that I have made service of the foregoing Defendant's Sentencing Memorandum on the party named below by electronic case filing at Portland, Oregon, on this 3rd day of May, 2013:

                    Kathleen Bickers
                    Steven Mygrant
                    Assistant United States Attorneys
                    1000 SW Third Avenue, Suite 600
                    Portland, OR    97204

                    Attorneys for Government


                    */s/ Ryan Scott*
                    _____
                    Ryan Scott
                    Attorney for Aleksey Dzyuba