IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALEKSEY ALEKSANDROVICH DZYUBA, | |
| Petitioner, | |
| v. | CASE NOS. 3:11-cr-00209-JO-01<br>3:15-cv-00575-JO |
| UNITED STATES OF AMERICA, | OPINION |
| Respondent. | |

JONES, Judge:

Aleksey Aleksandrovich Dzyuba ("Petitioner") filed a motion under 28 U.S.C. § 2255 challenging the legality of his sentence. He claimed both actual innocence and ineffective assistance of counsel. Before he filed a reply brief, I denied his motion. I have now read and considered the arguments Petitioner made in his reply brief and I affirm my earlier order denying his motion.

## PROCEDURAL HISTORY

In May 2013, I sentenced Petitioner to a term of imprisonment for convictions on one count of distributing heroin resulting in the death of Toviy Sinyayev ("Sinyayev") and one count of distributing heroin. [#104] The Court of Appeals affirmed the conviction and sentence. [#137] Petitioner, acting pro se, then filed a motion under section 2255. I denied that motion on

1 - OPINION

August 7, 2015, after the government responded, but before Petitioner filed a reply brief. [#149] Petitioner then filed another motion pro se, seeking relief from the judgment and requesting leave to file a reply to the government's response. [#150] On November 23, 2015, I granted Petitioner's motion to file a reply brief within 28 days and denied another pending motion in which Petitioner sought permission to conduct additional discovery. [#153] On May 16, 2016, Petitioner filed his reply brief. [#162]

Petitioner's reply brief is deficient for each of the following reasons. First, Petitioner failed to comply with Local Rule7-2(b) by filing a brief that exceeds the page limit requirement. Second, the brief is overly broad because it raises new arguments that are beyond the scope of the government's response. *Delgadillo v. Woodford*, 527 F.3d 919, 930 fn. 4 (9th Cir. 2008)("Arguments raised for the first time in [habeas] petitioner's reply brief are deemed waived.") Third, Petitioner violated my order denying his request to conduct additional discovery by including material he obtained through additional discovery. These deficiencies would justify disregarding the reply without reaching the merits of Petitioner's arguments. Nevertheless, I will address his contentions to the extent they do not simply reiterate arguments already resolved in my earlier ruling.

## DISCUSSION

### I. Actual Innocence

#### Legal Standard

Unless a defendant can show cause, prejudice, or actual innocence, a substantive legal argument is procedurally defaulted when it is not raised on direct appeal. *United States v. Ratigan*, 351 F. 3d 957, 962 (9th Cir. 2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, petitioner claims actual innocence. To have a credible actual innocence claim, defendant must support his claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Furthermore, "because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup,* 513 U.S. at 324. Finally, to use the actual innocence claim for relief, defendant "must show that in light of all of the evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *United States v. Avery,* 719 F. 3d 1080, 1083 (9th Cir. 2013) (internal quotations omitted) (quoting *Schlup,* 513 U.S. at 327); *Sawyer v. Whitley,* 505 U.S. 333, 376 n. 5 (1992).

## Discussion

In his reply, petitioner raises what I construe as two new grounds to prove his actual innocence: conflicting medical reports from Dr. Julien and Dr. Young and new expert testimony indicating Sinyayev's cause of death was pneumonia.

Petitioner contends there is a discrepancy between Dr. Young's report and Dr. Julien's report. In his report, Dr. Young concluded the cause of Sinyayev's death was a prolonged death from overdose, while Dr. Julien reported the cause of death was an acute overdose. Given that both medical reports agree that the cause of death was heroin overdose, and heroin overdose alone, and both were admitted at trial, this discrepancy does not reach the standard of new reliable evidence proving actual innocence. *Schlup,* 513 U.S. at 324.

Next, in violation of my order denying petitioner's request to obtain additional discovery, he presents a new medical report, dated April 6, 2016 from Dr. Bryant (Bryant), a pathologist

3 - OPINION

hired after the trial by petitioner's family. Petitioner contends that Bryant concludes pneumonia, not heroin, as the likely cause of Sinyayev's death. Bryant's report, however, does not make this conclusion. [#161-1, Exhibit R] Bryant's report states that Sinyayev was sent home from school with a high fever which is consistent with pneumonia. Further, he states that he cannot establish heroin as the cause of death because he does not know Sinyayev's tolerance level for heroin. Notably, the report does not rule out heroin as a cause of death. Bryant's report does not provide new reliable exculpatory scientific evidence not presented at trial as required. *Schlup,* 513 U.S. at 324. Even if Bryant's report had been available at trial, the trier of fact would have considered two reports concluding that heroin caused the of death and one report drawing no certain conclusion. The inconclusive report does not make it likely that no reasonable juror would have found petitioner guilty. *Schlup,* 513 U.S. at 324.

## II. Ineffective Assistance of Counsel

### Legal Standard

To establish ineffective assistance of counsel, a defendant must show: (1) his legal representation was so deficient it amounted to a denial of his Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washignton,* 466 U.S. 668, 687-88, 694 (1984); *accord United States v. Withers,* 618 F. 3d 1009, 1019, (9th Cir. 2010); *see also Knowles v. Mirzayance,* 556 U.S. 111, 122 (requiring that a defendant must show both deficient performance and prejudice to prove ineffective assistance of counsel). If defendant fails to prove either prong, the entire ineffective assistance of counsel claim fails. *Strickland,* 466 U.S. at 700. Regarding the first prong of the *Strickland* test, "the defendant must show that the counsel's representation fell below an

objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *accord Withers,* 618 F. 3d at 1019. Regarding the second prong, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge,* 577 F. 3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland* 466 U.S. at 694). The defendant has the burden of showing that the errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689, 690. Also, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong, "a challenger must demonstrate a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would be been different." *Harrington v. Richter,* 562 U.S. 86, 104 (2011). However, "it is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington,* 562 U.S. at 104.

### Discussion

In his reply, petitioner asserts three new arguments in regard to ineffective assistance of counsel: not objecting to the government's use of evidence, not calling defendant's medical expert, Dr. Julien, as a witness, and insufficiently investigating the phone calls made from the phone Sinyayev used on the night of his overdose.

First, petitioner claims that counsel erred by not objecting to the government's reference to discovery document #007 (#007) during Sinyayev's sister Elina's testimony. [#162-1, Exhibit

5 - OPINION

A]. Petitioner claims that 007 was "false evidence" because his counsel did not have the document in his possession. Furthermore, petitioner claims that there is no information in 007 that references whether there were two or three balloons sold by petitioner. An examination of 007 clearly shows it to be police report from the Milwaukee Police Department on April 5, 2011 following up with Elina a few days after Sinyayev's death. During trial, the government referred to the document as "007 in the discovery" [#162-1, Exhibit J, p.56] indicating the government provided the document to the defense. In the document, Elina stated that "Mr. Dzuyba pulled two bindles of heroin" and handed one to Sinyayev and one to Elina. Evidence suggesting petitioner had only sold two balloons to Elina and Sinyayev was consistent with petitioner's theory of the case and defense counsel would not have objected to its content. Furthermore, had counsel objected, the objection would have been overruled as the government only used the document to refresh Elina's recollection. Counsel's handling of 007 was not so deficient it amounted to a denial of petitioner's Sixth Amendment right to counsel. *Strickland,* 466 U.S. at 687-88.

Next, petitioner argues that counsel erred in not calling Dr. Julien, an expert hired by petitioner, to testify. He contends that Dr. Julien's testimony would have been beneficial to the defense as he would have testified that the cause of Sinyayev's death was an acute overdose. Counsel felt it would have wasted the court's time as he did not believe that Dr. Julien would have aided the defense. [#121, p. 5] This is indeed reasonable as Dr. Julien only would have suggested that Sinyayev's death was "acute" instead of "prolonged." Petitioner failed to show why the distinction would have affected the outcome of the trial given that both Dr. Young and Dr. Julien concluded that heroin overdose caused Sinyayev's death. Counsel's decision regarding

Dr. Julien was a strategic decision and strategic decisions by counsel are "virtually unchallengeable." *Strickland*, 466 U.S. at 689, 690.

Finally, petitioner argues that counsel erred in not bringing to the attention of the court issues in Sinyayev's phone records that may have suggested an alternative source of heroin. Specifically, petitioner contends that counsel should have questioned Detective Garrett who examined the phone records about night time calls made by Sinyayev on March 31, 2011. The trial transcript reveals that counsel cross-examined Detective Garrett specifically about the phone records. [#123, p. 54-58] Counsel elicited responses from Garrett demonstrating Garrett's knowledge or lack there of as to the phone calls made that night. In addition, evidence adduced at trial indicated the phone belonged not to Sinyayev but to his mother. [#123, p. 173] They both made phone calls using that phone on the evening of the overdose, making petitioner's argument that Sinyayev called another drug source speculative at best. Counsel's handling of the phone records was not so deficient it amounted to a denial of petitioner's Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687-88.

## CONCLUSION

After reviewing petitioner's reply I find no new grounds sufficient to justify relief as to either ineffective counsel or actual innocence and no reason to modify my earlier denial.

DATED this 15th day of August, 2016.

_____
Robert E. Jones, Senior Judge
United States District Court